NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEBRA WESTAWAY,                                )
                                               )
              Appellant,                       )
                                               )
v.                                             )        Case No. 2D16-3683
                                               )
WELLS FARGO BANK, N.A., as                     )
trustee for Carrington Mortgage Loan           )
Trust, Series 2007-RFC1, Asset-Backed          )
Pass Through Certificates,                     )
                                               )
              Appellee.                        )
                                               )
_____)

Opinion filed September 1, 2017.

Appeal from the Circuit Court for Pinellas
County; Kathleen T. Hessinger, Judge.

Robert E. Biasotti, of Biasotti Law, St.
Petersburg, for Appellant.

Nancy M. Wallace, of Akerman LLP,
Tallahassee; William P. Heller, of Akerman
LLP, Fort Lauderdale, and Eric M. Levine,
of Akerman LLP, West Palm Beach, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          Debra Westaway appeals the trial court's Final Judgment of Attorneys'

Fees and Costs in a foreclosure action brought against her by Wells Fargo Bank, N.A.

Westaway argues that the trial court abused its discretion in (1) sua sponte reducing her attorneys' reasonable hourly rate, (2) reducing the paralegal time billed by her attorneys, and (3) refusing to award a contingency multiplier. After the benefit of oral argument, we agree that the court abused its discretion in reducing her attorneys' reasonable hourly rate, and we reverse and remand for the trial court to recalculate its award of attorneys' fees based on the rate that Westaway's attorneys originally requested. In all other respects, we affirm.

<u>Prior Proceedings</u>

In 2009, Wells Fargo, acting as trustee of a real estate investment trust, filed a foreclosure complaint against Westaway. After five years of litigation, Westaway obtained an order of involuntary dismissal against Wells Fargo's claim. This court affirmed the involuntary dismissal on direct appeal. <u>Wells Fargo Bank, N.A. v. Westaway</u>, 182 So. 3d 653 (Fla. 2d DCA 2015) (table decision).

After prevailing in the underlying foreclosure case, Westaway moved for attorneys' fees, costs, and a contingency risk multiplier. The trial court concluded that Westaway was entitled to fees, but, before the court could determine a reasonable amount, Wells Fargo's counsel moved to withdraw. Accordingly, the trial court gave Wells Fargo thirty days to retain new counsel.

When the time came for the hearing on the amount of fees, however, Wells Fargo was neither present nor represented. Thus, there was no opposing party to dispute any of the evidence that Westaway's counsel presented. In addition, the judge presiding over the hearing was not the judge who had determined Westaway's entitlement to fees. Westaway's attorneys requested a lodestar award based on an

hourly rate of $325. In support of that request, an experienced foreclosure defense attorney, appearing as an expert witness, testified that such a rate was reasonable.

The trial court asked the expert witness how Westaway's attorneys could charge a rate of $325 an hour given that they had only had two years of experience when they had taken the case. The expert witness answered, "I think that is what attorneys are charging, your Honor." Incredulous, the court mused, "$325 for a two-year lawyer[?]" The expert witness responded that he knew the "success rate" of Westaway's counsel and that they were "certainly worth $325 an hour."

At the conclusion of Westaway's evidence, the trial court made a lengthy oral ruling, chastising Westaway's attorneys for what the court perceived as (1) overbilling secretarial work by labeling it as paralegal work and (2) requesting a contingency multiplier in a case where a multiplier was unwarranted. With respect to the hourly rate, the court again expressed personal disbelief that attorneys with two years of experience could reasonably command $325 an hour and noted that, as the fact finder, it was not required to accept the expert's testimony "as gospel." On June 9, 2016, the trial court rendered its Final Judgment of Attorneys' Fees and Costs. Paragraph two of the judgment provides, in pertinent part:

> 2. Pursuant to the factors to be considered in determining the reasonableness of the attorneys' fees outlined in Rule 4-1.5, Florida Bar Rules of Professional Conduct, and under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d. 1145 (Fla. 1985), the rate of $200 per hour from August 4, 2010, through December 21, 2012, and the rate of $250.00 an hour from January 2013 through the conclusion of this matter is a reasonable hourly rate . . . given the number of years of practice, $200.00 per hour for 2-5 years of practice and $250.00 per hour for 5-9 years of practice.

<u>Analysis</u>

We review a trial court's calculation of reasonable attorneys' fees for an abuse of discretion. <u>Raza v. Deutsche Bank Nat'l Tr. Co.</u>, 100 So. 3d 121, 126 (Fla. 2d DCA 2012) (citing <u>DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md.</u>, 597 So. 2d 248, 250 (Fla.1992)). In determining whether an abuse of discretion has taken place, we ask whether reasonable people could differ as to the propriety of the trial court's action. <u>Id.</u> (quoting <u>Grapski v. City of Alachua</u>, 134 So. 3d 987, 989 (Fla. 1st DCA 2012)). "Thus, a court must look to the record to determine if 'there is competent substantial evidence which supports the trial court's order under the totality of the circumstances.' " <u>Id.</u>

In evaluating the reasonableness of an hourly fee, trial courts must consider eight factors found in the Florida Rules of Professional Conduct, which for these purposes are referred to as the "<u>Rowe</u> factors" after the Florida Supreme Court opinion that dictates their consideration.[1] <u>See</u> <u>Fla. Patient's Comp. Fund v. Rowe</u>, 472

---

[1]These factors are:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

So. 2d 1145, 1151 (Fla. 1985), modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990); see also R. Regulating Fla. Bar 4-1.5(b)(1).  "After considering these factors, the trial court must make specific findings concerning the reasonable hourly rate, the number of hours reasonably expended, and the appropriateness of any reduction or enhancement factors."  Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc., 928 So. 2d 495, 498 (Fla. 2d DCA 2006).  "The failure to make these required findings constitutes reversible error."  Id.

Paragraph two of the final judgment—the only portion dealing with the court's reduction of Westaway's attorneys' hourly rate—cites Rowe and rule 4-1.5 but does not include any specific findings as to any of the eight Rowe factors.  Nor does the court's lengthy oral ruling indicate that it properly considered the Rowe factors.  Instead, the only factor that the court appeared to consider in reducing the attorneys' hourly rate was their experience level at various points in the litigation.  Although the seventh Rowe factor does call upon courts to consider "[t]he experience, reputation, and ability of the lawyer or lawyers performing the services," that factor itself makes clear that the lawyers' relative experience cannot be considered in isolation but, at a minimum, must be weighed in conjunction with their reputation and ability.  472 So. 2d at 1150.

---

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

Rowe, 472 So. 2d at 1150.

Moreover, the final judgment includes no justification for the hourly rates that the trial court determined were reasonable. Nothing in the record—or anywhere else for that matter—explains why $200 an hour would be a reasonable fee for an attorney with "2-5 years of practice" or why $250 would be a reasonable fee for an attorney with "5-9 years of practice." The sole expert witness in this case did not testify that such hourly rates would be reasonable; Wells Fargo was not represented at the fee hearing, so it could not have suggested them; and we cannot find anything in either the Florida Rules of Professional Conduct or in published case law that ties an attorney's reasonable hourly rate to the time frames articulated by the trial court.

We recognize that when evaluating the reasonableness of a requested fee award, judges should not "abandon what [they] learned as lawyers or [their] common sense." See D'Alusio v. Gould & Lamb, LLC, 36 So. 3d 842, 846 (Fla. 2d DCA 2010) (alteration in original). But even though the trial court was not bound by the expert's opinion, we cannot affirm the trial court's award when "the record is totally devoid of any evidence to support a conclusion that the award was reasonable." Id. at 847. Here, the judge did not indicate that her determination of reasonable hourly rates was rooted in her experience as a lawyer, nor did she explain why the varying rates that she applied were more reasonable than the single rate that Westaway's attorneys proposed (and all of the evidence adduced at the fee hearing supported). Her only apparent justification for reducing the hourly rate was her personal opinion of what attorneys should charge based on their number of years in practice. This alone does not constitute competent, substantial evidence.

Thus, we hold that the trial court abused its discretion in reducing Westaway's attorneys' reasonable hourly rate. Accordingly, we reverse and remand with instructions for the trial court to award Westaway's attorneys their requested rate of $325 per hour and to recalculate the lodestar using that rate. In all other respects, we affirm.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and SLEET, JJ., Concur.