DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONSTAR MORTGAGE LLC** and **U.S. BANK NATIONAL ASSOCIATION,** as trustee for the benefit of Harborview 2005-2 Trust Fund,
Appellants,

v.

**FARSHADI FARAMARZ,**
Appellee.

No. 4D18-347

[June 26, 2019]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 12-013378.

Allison Morat of Bitman O'Brien & Morat, PLLC, Maitland, for appellants.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellee.

FORST, J.

Appellants Nationstar and U.S. Bank appeal from the trial court's award of prevailing party attorney's fees and costs to Farshadi Faramarz after Faramarz successfully obtained an involuntary dismissal of the mortgage foreclosure complaint. Faramarz cross-appeals from the same final order. As discussed herein, we agree with Appellants that Faramarz is not entitled to prevailing party fees and costs. We therefore reverse on the first issue in the main appeal. The reversal moots the second issue in the main appeal (regarding the application of a multiplier to the fee award) as well as the cross-appeal (regarding the reduction of the hourly rates of Faramarz's counsel in the fee award).

**Background**

U.S. Bank filed a foreclosure complaint against Faramarz. The bank alleged it was the holder of the note. Faramarz moved to dismiss, arguing the bank "never had standing to initiate this lawsuit." The trial court

denied the motion to dismiss. Faramarz then filed an answer and raised several affirmative defenses, including failure to comply with conditions precedent, breach of contract, and lack of standing to initiate the lawsuit. He also asserted entitlement to prevailing party attorney's fees and costs pursuant to the reciprocity provision of section 57.105(7), Florida Statutes (which renders a unilateral contract clause for prevailing party fees—such as that contained in the mortgage—bilateral).

Before trial, Nationstar was substituted for U.S. Bank as the plaintiff. At trial, the parties stipulated to the introduction of the note and mortgage (executed by Faramarz), the assignment of mortgage (from MERS, as nominee for the original lender, to U.S. Bank), and the power of attorney (from U.S. Bank to Nationstar).

After Nationstar presented its case, Faramarz moved for involuntary dismissal based on standing. He argued there was "no testimony that . . . at the time the complaint was filed . . . that the trust or the purported Plaintiff, whoever the Plaintiff is, possessed the note, and you have to do that . . . even with a blank endorsement, you have to say that there was possession of the note at the time that the pleadings, that the complaint was filed."

The trial court granted Faramarz's motion for involuntary dismissal, finding that the plaintiff lacked standing at the inception of the lawsuit. The court further ruled that, "if [Faramarz] pled for attorneys' fees and he has got an involuntary dismissal, he has the right to attorneys' fees. I don't know any argument against that."

The trial court subsequently entered a written order dismissing the case without prejudice, awarding attorney's fees and costs to Faramarz, and reserving jurisdiction to determine the amount of fees and costs. Nationstar unsuccessfully moved for rehearing, and did not appeal from the dismissal order. Faramarz filed a motion to determine the amount of prevailing party attorney's fees and costs.

After a hearing, the trial court awarded Faramarz attorney's fees totaling $96,100.00 (having applied a multiplier of 2.0). The court also awarded $5,000.00 for the fee expert, and $3,600.00 in taxable costs (the majority of which was for the fee expert's deposition and deposition preparation). The fees and costs judgment totaled $104,700.00. This appeal and cross-appeal followed.

**Analysis**

2

"Because it concerns a question of law, we review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." *Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017).

Florida follows the "American Rule" that attorney's fees may be awarded only when authorized by contract or statute. *Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 897 (Fla. 4th DCA 2017).[1] Faramarz's sought attorney's fees and costs pursuant to the mortgage's fee provision and the reciprocity provision of section 57.105(7), Florida Statutes.

Nationstar and U.S. Bank argue that Faramarz is not entitled to an award of attorney's fees and costs under section 57.105(7), because he succeeded on his standing defense to defeat the foreclosure.

Faramarz responds that, while he succeeded on his defense that the original plaintiff, U.S. Bank, lacked standing at the inception of the case, the court did not find that successor plaintiff Nationstar lacked standing at the time of trial. Faramarz further contends that the documents presented at trial "show that U.S. Bank and Nationstar joined Faramarz as a party to the mortgage agreement."

"A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed." *Peoples v. Sami II Tr. 2006–AR6*, 178 So. 3d 67, 69 (Fla. 4th DCA 2015) (alteration in original) (quoting *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)). Because Faramarz successfully argued that Nationstar failed to establish its right to enforce the note and mortgage contract at the time of the foreclosure complaint, he cannot now seek to take advantage of the fee provision in the mortgage contract. *See Deutsche Bank Tr. Co. Americas as Tr. Rali 2006-QS6 v. Page*, No. 4D18-816 (Fla. 4th DCA June 12, 2019) (en banc); *Wells Fargo Bank, N.A. as Tr. for SASCO 2007-MLN1 Tr. v. Moccia*, 258 So. 3d 469, 471 (Fla. 4th DCA 2018); *Torres v. Bank of N.Y. for Certificate Holders CWABS, Inc. Asset Backed Certificates Series 2006-26*, 252 So. 3d 274 (Fla. 4th DCA 2018); *Nationstar Mortg., LLC v. Martins*, 240 So. 3d 732 (Fla. 4th DCA 2018); *Lakmaitree v. 21st Mortg. Corp.*, 238 So. 3d 324 (Fla. 4th DCA 2018); *Sabido v. Bank of*

---

[1] Review of our en banc *Glass* decision was granted by the Florida Supreme Court and thereafter dismissed as improvidently granted. *See Glass v. Nationstar Mortg., LLC*, 44 Fla. L. Weekly S148, S149 (Fla. Apr. 18, 2019), *reh'g stricken*, SC17-1387 (Fla. May 6, 2019).

*N.Y. Mellon*, 238 So. 3d 867, 868-69 (Fla. 4th DCA 2018).

In each of these decisions we relied on our precedent in *Nationstar Mortgage LLC v. Glass*. Further, in the most recent decision, *Deutsche Bank Trust Co. Americas as Trustee Rali 2006-QS6 v. Page*, we declared en banc:

> We adhere to our precedent in *Glass* and state our holding simply:
>
> NO STANDING = NO ATTORNEY'S FEES

Faramarz likens this case to *Madl v. Wells Fargo Bank, N.A.*, (Fla. 5th DCA 2017), and submitted *Harris v. Bank of New York Mellon,* 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018),[2] as supplemental authority. In those cases, the Fifth and Second Districts held that regardless of the borrower prevailing on a "lack of standing" defense, the borrower was entitled to fees because there was proof of a contract between the parties at the time of trial. However, in our en banc decision in *Page*, we disagreed with *Madl* and *Harris* and held that our sister courts reached their holdings in those cases "by relying upon the existence of a contract between the bank and the borrower notwithstanding the bank's failure to prove standing in the foreclosure action. We decline to go down that rabbit hole."

Here, even if Nationstar established standing at the time of trial, Faramarz prevailed due to the trial court's determination that U.S. Bank, the predecessor plaintiff, lacked standing at the inception of the foreclosure action. As we held in *Page*, "The borrower cannot have it both ways. If the borrower prevails on [his] 'lack of standing' defense, [he] cannot rely on the contract to obtain attorney's fees."

We again certify conflict with *Madl* and *Harris*.

## Conclusion

On the main appeal, we reverse the final judgment and order granting Faramarz's motion to determine the amount of prevailing party attorney's fees and costs. Our reversal moots the second issue on appeal and the cross-appeal.

---

[2] In *Harris,* the Second District certified conflict with our *Glass* decision and the Third District's decision in *Fitzgerald*.

*Reversed.*

DAMOORGIAN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**