DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EL BRAZO FUERTE BAKERY 2,**
Appellant,

v.

**24 HOUR AIR SERVICE, INC.,**
Appellee.

No. 4D21-531

[November 24, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jackie Powell, Judge; L.T. Case Nos. COCE16-10481 and CACE20-6601.

Gregory Light and Anthony Gonzalez of Light & Gonzalez, PLLC, Plantation, for appellant.

No appearance for appellee.

GERBER, J.

The plaintiff, after prevailing in the underlying breach of contract action, appeals from the county court's final judgment on the plaintiff's motion to determine the amount of attorney's fees to which it was entitled. The plaintiff argues the county court erred in three respects: (1) by reducing the plaintiff's attorneys' hourly rates, and the plaintiff's expert's requested hourly rate, absent competent substantial evidence, or specific findings, for such reductions; (2) by making internally inconsistent findings supporting the application of a contingency fee multiplier but then not applying a multiplier; and (3) by not awarding prejudgment interest from the date on which the county court found the plaintiff was entitled to attorney's fees.

We agree with each of the plaintiff's arguments. After providing a brief procedural history, we will address each argument in turn.

## *Procedural History*

The plaintiff filed a breach of contract claim against the defendant in county court. After two years of litigation and a non-jury trial, the county court entered a $3,394.00 final judgment in the plaintiff's favor. The plaintiff filed a motion for entitlement to prevailing party attorney's fees under the contract. The county court entered an order granting the plaintiff's motion for entitlement to attorney's fees.

The plaintiff then filed its motion to determine the amount of attorney's fees to which it was entitled and its expert's fees. The motion identified the plaintiff's expert's opinions:

> [Plaintiff's counsels'] reasonable hourly rate is $350.00.

> [A] reasonable amount of hours spent on this case was 111.65 ....

> Plaintiff's total lodestar amount of attorney's fees is $39,217.50.

> Plaintiff's counsel is entitled to a contingency fee multiplier of 250% to the contingent portion of the Plaintiff's [counsels'] attorney's fees, bringing the total amount of reasonable attorney's fees to $90,043.75.

The county court held a hearing to determine the fees amount. The plaintiff presented two witnesses: one of the plaintiff's two attorneys who had worked on the litigation, and the plaintiff's fees expert.

The plaintiff's attorney testified as follows. The plaintiff retained the two-attorney law firm to pursue its claim. The plaintiff retained the firm on a partial contingency basis, whereby the plaintiff agreed to pay the firm a flat $2,000 attorney's fee. The plaintiff also agreed that, if: (1) it ultimately prevailed in the litigation, and (2) the county court determined it was entitled to recover its attorney's fees, then the firm would seek to recover the two attorneys' reasonable hourly rate aggregated by a contingency fee multiplier. The two attorneys ultimately spent 121.2 hours on the litigation up until the date when the county court granted the plaintiff's motion for entitlement to attorney's fees. The firm's detailed records documenting the hourly work performed incurred were introduced into evidence.

The plaintiff's attorney testified regarding how the work performed satisfied the factors identified in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), as modified by *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). The plaintiff's attorney further testified that the firm would not have taken the case on a partial contingency basis without the possibility of a multiplier. The plaintiff's attorney also testified that both he and his partner had been practicing for about a year and a half and charged a $350 hourly rate.

On cross-examination, defense counsel questioned the plaintiff's attorney about the firm's various billing entries, but did not question their $350 hourly rate.

The plaintiff's expert testified as follows. He was a twenty-five year former judge and charged a $600 hourly rate. He had reviewed the court file and the firm's records and bills, and created a deductions list for duplicative entries, travel time, and work which could have been performed by clerical staff. He opined that 7.5 hours should be deducted from the total hours billed, but the remaining 112.05 hours billed were reasonable. He further opined $350 was a reasonable hourly rate for the plaintiff's attorneys, and the result which the firm obtained was excellent. He also opined the relevant market required a contingency fee multiplier to obtain competent counsel for this type of action, for which he believed a 250% (i.e., 2.5) multiplier was warranted. He also testified he had spent eleven hours preparing for the hearing.

Defense counsel requested the county court's permission to testify as the defendant's expert witness. The county court denied the request because defense counsel had not given notice that the defendant would be presenting evidence at the hearing. However, the county court permitted defense counsel, for appellate purposes, to proffer what his testimony would have been, in the context of his closing argument. During the unsworn proffer/closing, defense counsel stated his belief that the market rate for attorneys with less than two years' experience was $225 per hour, and that the plaintiff's claim did not justify a multiplier based on the results obtained.

The plaintiff's attorney's closing argument cited case law, including *State Farm Fire & Casualty Co. v. Palma*, 555 So. 2d 836 (Fla. 1990), for the proposition that litigation over a claim in the hundreds of dollars still may result in an attorney's fee award in the tens of thousands if the amount of hours expended was reasonable. The plaintiff's attorney also requested prejudgment interest on the attorney's fees award to run from the date when the county court granted the plaintiff's motion for

3

entitlement to attorney's fees.  The plaintiff's attorney then provided the county court with a proposed judgment, which contained blanks for the county court to fill in findings for the reasonable hourly rate and hours for both the plaintiff's attorneys and its expert.  The proposed judgment also contained proposed findings to justify a multiplier, including a blank for the county court to fill in a multiplier amount.  The proposed judgment also contained a blank for the county court to fill in a prejudgment interest amount.

The county court deferred ruling at the hearing.  Later, the county court entered its judgment, using the plaintiff's attorney's proposed judgment as a template.  The county court found the plaintiff's attorneys were entitled to the 112.05 hours which its expert had opined were reasonable, but at only a $175 hourly rate – that is, one-half of the $350 rate which its expert opined was reasonable.  The county court also found the plaintiff's expert was entitled to only 8.8 hours at a $225 hourly rate – that is, less than the eleven hours at a $600 hourly rate to which the expert had testified. Regarding a multiplier, the county court did not strike the proposed findings to justify a multiplier, but filled in a zero for the multiplier amount.   The county court also did not award the plaintiff any prejudgment interest on the attorney's fee award.

The plaintiff filed a motion for rehearing, followed by an amended motion.  The amended motion asserted that the county court, without explanation, had reduced the plaintiff's attorneys' uncontroverted reasonable hourly rate as requested from $350 to $175, and reduced the plaintiff's expert's uncontroverted hourly rate from $600 to $225.  The county court entered an order denying the amended motion for rehearing without explanation.

This appeal followed.  As stated above, the plaintiff argues the county court erred in three respects:  (1) by reducing the plaintiff's attorney's requested hourly rate, and the plaintiff's expert's requested hourly rate, absent competent substantial evidence, or specific findings, for such reductions; (2) by making internally inconsistent findings supporting the application of a contingency fee multiplier but then not applying a multiplier; and (3) by not awarding prejudgment interest from the date on which the county court found the plaintiff was entitled to attorney's fees.

We agree with each of the plaintiff's arguments.  We will address each argument in turn.

***1. The county court erred by reducing the plaintiff's attorneys' requested hourly rate, and the plaintiff's expert's requested hourly rate, absent competent substantial evidence, or specific findings, for such reductions.***

Our standard of review is for an abuse of discretion. *See Webber v. D'Agostino,* 251 So. 3d 188, 191 (Fla. 4th DCA 2018) ("We review the trial court's determination as to the amount of attorney's fees and costs for abuse of discretion.").

"An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Trovato v. Trovato*, 16 So. 3d 290, 291 (Fla. 4th DCA 2009) (citation omitted). "Additionally, the award must be supported by expert evidence, including the testimony of the attorney who performed the services." *Rakusin v. Christiansen & Jacknin, P.A.*, 863 So. 2d 442, 444 (Fla. 4th DCA 2003) (citation omitted).

"While trial courts are not bound by expert opinions provided at evidentiary hearings or by attorney [testimony] submitted at such hearings, they may only reduce attorneys' fees that they deem to be excessive *if they make specific findings to support that determination.*" *Lizardi v. Federated Nat'l Ins. Co.*, 322 So. 3d 184, 189 (Fla. 2d DCA 2021) (emphasis added). In *Lizardi*, where the trial court had not made specific findings as to why it had reduced the requested number of hours or hourly rate, our sister court held:

> Had the trial court … made <u>specific</u> findings as to why it reduced the requested number of hours or hourly rate, the order would have likely satisfied *Rowe*'s requirements. … But the order as written, merely stating the hourly rate and reasonable number of compensable hours without any elucidation as to why those figures were used instead of the requested figures, does not comport with the requirements of *Rowe*.

*Id.* at 189-90.

Our sister court reached the same holding on similar facts in *Westaway v. Wells Fargo Bank, N.A. for Carrington Mortgage Loan Trust, Series 2007-RFC1, Asset-Backed Pass Through Certificates*, 230 So. 3d 505 (Fla. 2d DCA 2017). In *Westaway,* a defendant who had obtained an involuntary dismissal requested attorney's fees based on a $325 hourly rate. *Id.* at

507. At the fees hearing, the defendant's expert witness "testified that such a rate was reasonable." *Id.* The opposing party did not appear or present any evidence at the hearing, making the defendant's fee request uncontested. *Id.* Nevertheless, the circuit court, expressing its "personal disbelief" that the defendant's attorneys "could reasonably command $325 an hour," instead awarded "$200.00 per hour for 2-5 years of practice[,] and $250.00 per hour for 5-9 years of practice." *Id.*

On appeal, the defendant argued the circuit court had abused its discretion in "sua sponte reducing her attorney's reasonable hourly rate." *Id.* at 506. Our sister court agreed, because "the final judgment include[d] no justification for the hourly rates that the [circuit] court determined were reasonable." *Id.* at 508. Our sister court explained:

> Nothing in the record … explains why $200 an hour would be a reasonable fee for an attorney with "2-5 years of practice" or why $250 would be a reasonable fee for an attorney with "5-9 years of practice." The sole expert witness in this case did not testify that such hourly rates would be reasonable; [the opposing party] was not represented at the fee hearing, so it could not have suggested them; and we cannot find anything in either the Florida Rules of Professional Conduct or in published case law that ties an attorney's reasonable hourly rate to the time frames articulated by the [circuit] court.

*Id.*

While the *Westaway* court recognized that, "when evaluating the reasonableness of a requested fee award, judges should not abandon what [they] learned as lawyers or [their] common sense," and "the [circuit] court was not bound by the expert's opinion," the court held:

> [W]e cannot affirm the [circuit] court's award when the record is totally devoid of any evidence to support a conclusion that the award was reasonable. … [T]he [circuit court] did not indicate that her determination of reasonable hourly rates was rooted in her experience as a lawyer, nor did she explain why the varying rates that she applied were more reasonable than the single rate that [the defendant's] attorneys proposed (and all of the evidence adduced at the fee hearing supported). [The circuit court's] only apparent justification for reducing the hourly rate was her personal opinion of what attorneys should charge based on their number of years in practice.

> This alone does not constitute competent, substantial evidence.

*Id.* at 508-09 (internal citations and quotation marks omitted).

Similar to *Lizardi* and *Westaway*, the judgment here does not comport with *Rowe*'s requirements, merely by stating the reasonable hourly rate and hours without any elucidation as to why the county court reduced both the plaintiff's attorneys and expert's hourly rates, and the expert's hours, all of which was supported by competent substantial evidence. The defendant did not present any expert or other evidence to refute the plaintiff's expert's opinion that the plaintiff's attorneys' reasonable hourly rate was $350 for this case, or that the expert's reasonable hourly rate was $600. Nor did the county court "indicate that her determination of reasonable hourly rates was rooted in her experience as a lawyer, nor did she explain why the varying rates that she applied were more reasonable than the single rate[s] that [the plaintiff's] attorneys proposed (and all of the evidence adduced at the fee hearing supported)." *Westaway*, 230 So. 3d at 509. Even defense counsel's proffer/closing argument (which was not properly noticed or sworn) argued that the plaintiff's attorneys' reasonable hourly rate was $225 – that is, $50 more per hour than the rate which the county court awarded.

Thus, we must reverse the county court's judgment. The plaintiff requests that we direct the county court to award the plaintiff's attorney's fees and expert's fees at the hourly rates requested, which would be consistent with the plaintiff's uncontroverted hearing evidence. However, we conclude the appropriate disposition on remand is for the county court either to amend the award as requested, or explain a legal basis for its reduced hourly rates. As discussed above, although the plaintiff's hearing evidence was uncontroverted, "trial courts are not bound by expert opinions provided at evidentiary hearings or by attorney [testimony] submitted at such hearings," and "may ... reduce attorneys' fees that they deem to be excessive *if they make specific findings to support that determination.*" *Lizardi*, 322 So. 3d at 189 (emphasis added); *see also Puleo v. Morris*, 98 So. 3d 248, 250 (Fla. 2d DCA 2012) ("[Appellants] ask that on remand we direct the circuit court to award them attorney's fees in amounts consistent with the uncontroverted evidence presented at the hearing. Although the evidence presented by [appellants] at the hearing was uncontroverted, the circuit court is not bound by the time and billing records presented or by the expert witness's testimony about the reasonableness of the fees requested. A trial court may reduce attorney's fees that it determines to be excessive *if it makes the requisite findings to support that determination.*") (emphasis added).

7

## 2. The county court erred by making internally inconsistent findings supporting the application of a contingency fee multiplier but then not applying a multiplier.

"[T]he standard of review with respect to the application of a multiplier is one of abuse of discretion." *City of Daytona Beach v. A.B.*, 304 So. 3d 395, 399 (Fla. 5th DCA 2020) (alteration in original) (citation omitted).

"The trial court is not required to apply a contingency multiplier, but is required only to consider whether a multiplier is warranted." *Nalasco v. Buckman, Buckman & Reid, Inc.*, 171 So. 3d 759, 762 (Fla. 4th DCA 2015) (citing *Quanstrom*, 555 So. 2d at 831).

As our supreme court stated in *Quanstrom*:

> [In] tort and contract cases ... the trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier.

555 So. 2d at 834.

Here, the county court did not strike the proposed judgment's *Quanstrom* multiplier findings (which findings were supported by the plaintiff's expert's testimony); however, the county court filled in a zero for the multiplier amount. Thus, the judgment is internally inconsistent on its face, and we cannot discern from the record whether the county court intended to apply a multiplier or not.

For this reason, we must reverse and remand for the county court to further amend the judgment to resolve this inconsistency by either (a) awarding a multiplier, or (b) striking the *Quanstrom* findings justifying the multiplier and explaining why the county court rejected the plaintiff's expert's uncontroverted testimony. *See, e.g., Allen v. Allen*, 114 So. 3d 1102, 1103-04 (Fla. 1st DCA 2013) (reversing internally inconsistent final judgment of dissolution and remanding for the trial court to correct inconsistent provisions relating to child support and the allocation of

8

child-related expenses).  We make no comment as to whether a multiplier is appropriate, as that issue is not before us at this time.

### 3. *The county court erred by not awarding prejudgment interest from the date on which the county court found the plaintiff was entitled to attorney's fees.*

"A trial court's decision concerning a [party's] entitlement to prejudgment interest is reviewed de novo."  *Sterling Vills. of Palm Beach Lakes Condo. Ass'n v. Lacroze*, 255 So. 3d 870, 872 (Fla. 4th DCA 2018) (alteration in original; citation omitted).

"[I]nterest accrues [on an award of attorney's fees] from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined."  *Bayview Loan Servicing, LLC v. Cross*, 286 So. 3d 858, 863 (Fla. 5th DCA 2019) (alterations in original) (quoting *Quality Eng'd Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930–31 (Fla. 1996)); *see also Cox v. Great Am. Ins. Co.*, 203 So. 3d 204, 206 (Fla. 4th DCA 2016) ("[A]ppellee was ... entitled to interest on the attorney's fees award from th[e] date entitlement was determined.") (citation omitted).

Here, the county court's order granting the plaintiff's motion for entitlement to attorney's fees fixed such entitlement.  *Bayview*, 286 So. 3d at 863.  Therefore, the plaintiff became entitled to an award of prejudgment interest from that date through the rendition of any new final judgment entered upon remand after further proceedings.  *See id.*

Accordingly, we must reverse the county's court's failure to award prejudgment interest, and remand for the county court to further amend the judgment to calculate and award the amount of prejudgment interest on the plaintiff's ultimate attorney's fees award, measured from the date of the order granting the plaintiff's motion for entitlement to attorney's fees through the date of the amended judgment's rendition.  *See id.*

## Conclusion

In sum, based on the foregoing, we reverse the county court's fees judgment and remand for the county court to enter an amended judgment which:  (1) either amends the award as requested, or explains a legal basis for its reduced hourly rates; (2) either awards a multiplier, or strikes the *Quanstrom* findings justifying the multiplier and explains why the county court rejected the plaintiff's expert's uncontroverted testimony; and (3) calculates and awards the amount of prejudgment interest on the

plaintiff's ultimate attorney's fees award, measured from the date of the order granting the plaintiff's motion for entitlement to attorney's fees through the date of the amended judgment's rendition.

*Reversed and remanded with instructions.*

CIKLIN and ARTAU, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**