DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONSTAR MORTGAGE LLC** and
**U.S. BANK NATIONAL ASSOCIATION,**
as trustee for the benefit of Harborview 2005-2 Trust Fund,
Appellants/Cross-Appellees,

v.

**FARSHADI FARAMARZ,**
Appellee/Cross-Appellant.

No. 4D18-347

[December 15, 2021]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 12-013378.

Allison Morat of Bitman O'Brien & Morat, PLLC, Lake Mary, for appellants/cross-appellees.

Jonathan H. Kline and Joseph G. Paggi III of Jonathan Kline, P.A., Weston, for appellee/cross-appellant.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

FORST, J.

In *Nationstar Mortgage LLC v. Faramarz*, 275 So. 3d 668 (Fla. 4th DCA 2019), we reversed the trial court's award of prevailing party attorney's fees and costs under section 57.105(7), Florida Statutes, based upon precedent from this Court establishing that "NO STANDING = NO ATTORNEY'S FEES." *Id.* at 671. Subsequently, on May 28, 2021, the Florida Supreme Court quashed our decision "in light of . . . *Page v. Deutsche Bank Trust Company Americas*, 308 So. 3d 953 (Fla. 2020)." *Faramarz v. Nationstar Mortg., LLC*, No. SC19-1218, 2021 WL 2182345, at *1 (Fla. May 28, 2021).

In *Page*, our supreme court held that "a unilateral attorney's fee provision in a note and mortgage is made reciprocal to a borrower under section 57.105(7) . . . when the borrower prevails in a foreclosure action *in*

*which the plaintiff bank established standing to enforce the note and mortgage at the time of trial but not at the time suit was filed.*" *Page*, 308 So. 3d at 954–55 (emphasis added). Such holding necessarily negated our previous stance that "NO STANDING = NO ATTORNEY'S FEES," and with it, the reasoning behind our original opinion. Accordingly, the matter is once more before us, and—having considered *Page*, supplemental briefs filed by the parties, and recent case law—we affirm the trial court's award of prevailing party attorney's fees and costs.

## Background

Preliminarily, as neither party sought rehearing of the original opinion, we adopt in full the following factual background:

> U.S. Bank filed a foreclosure complaint against Faramarz. The bank alleged it was the holder of the note. Faramarz moved to dismiss, arguing the bank "never had standing to initiate this lawsuit." The trial court denied the motion to dismiss. Faramarz then filed an answer and raised several affirmative defenses, including failure to comply with conditions precedent, breach of contract, and lack of standing to initiate the lawsuit. He also asserted entitlement to prevailing party attorney's fees and costs pursuant to the reciprocity provision of section 57.105(7), Florida Statutes (which renders a unilateral contract clause for prevailing party fees—such as that contained in the mortgage—bilateral).
>
> Before trial, Nationstar was substituted for U.S. Bank as the plaintiff. At trial, the parties stipulated to the introduction of the note and mortgage (executed by Faramarz), the assignment of mortgage (from MERS, as nominee for the original lender, to U.S. Bank), and the power of attorney (from U.S. Bank to Nationstar).
>
> After Nationstar presented its case, Faramarz moved for involuntary dismissal based on standing. He argued there was "no testimony that . . . at the time the complaint was filed . . . that the trust or the purported Plaintiff, whoever the Plaintiff is, possessed the note, and you have to do that . . . even with a blank endorsement, you have to say that there was possession of the note at the time that the pleadings, that the complaint was filed."

2

The trial court granted Faramarz's motion for involuntary dismissal, finding that the plaintiff lacked standing at the inception of the lawsuit. The court further ruled that, "if [Faramarz] pled for attorneys' fees and he has got an involuntary dismissal, he has the right to attorneys' fees. I don't know any argument against that."

The trial court subsequently entered a written order dismissing the case without prejudice, awarding attorney's fees and costs to Faramarz, and reserving jurisdiction to determine the amount of fees and costs. Nationstar unsuccessfully moved for rehearing and did not appeal from the dismissal order. Faramarz filed a motion to determine the amount of prevailing party attorney's fees and costs.

After a hearing, the trial court awarded Faramarz attorney's fees totaling $96,100.00 (having applied a multiplier of 2.0). The court also awarded $5,000.00 for the fee expert, and $3,600.00 in taxable costs (the majority of which was for the fee expert's deposition and deposition preparation). The fees and costs judgment totaled $104,700.00. This appeal and cross-appeal followed.

*Nationstar Mortg. LLC*, 275 So. 3d at 669–70. We add only that the note introduced at trial was the original note, containing an endorsement in blank.

## Analysis

In their original appeal to this court, appellants Nationstar and U.S. Bank argued that the trial court erred in awarding prevailing party attorney's fees and costs to appellee Faramarz because Faramarz "succeeded on his standing defense to defeat the foreclosure," relying upon since-overruled precedent that "NO STANDING = NO ATTORNEY'S FEES." Appellants also contended the trial court erred in awarding Faramarz a "multiplier of the attorney fee award." Faramarz, in turn, filed a cross-appeal from the same final judgment, asserting that the trial court erred in reducing his attorneys' hourly rate in coming to its $96,100.00 attorney's fees award determination.

Following the Florida Supreme Court's decision in *Page,* appellants requested supplemental briefing on the issue of fee entitlement. Appellants argued that—based upon case law issued after our original decision—because Faramarz impugned the validity and effect of the

3

assignment of mortgage, he denied the existence of a contractual relationship and necessarily failed to prove entitlement. We address appellant's supplemental entitlement argument, the fee multiplier issue, and Faramarz's cross-appeal below.

*A. Faramarz's Entitlement to Section 57.105(7) Attorney's Fees*

"Because it concerns a question of law, we review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." *Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017). Similarly, "[w]e review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*." *Rodriguez v. Wells Fargo Bank, N.A.*, 178 So. 3d 62, 63 (Fla. 4th DCA 2015) (quoting *Tremblay v. U.S. Bank, N.A.*, 164 So. 3d 85, 86 (Fla. 4th DCA 2015)).

"[E]ntitlement to fees under section 57.105(7) applies when the party seeking fees prevails and is a party to the contract containing the fee provision." *Venezia v. JP Morgan Mortg. Acquisition Corp.*, 279 So. 3d 145, 146 (Fla. 4th DCA 2019). However, "the statutory language also requires that the plaintiff and defendant not be strangers to the contract." *Page*, 308 So. 3d at 959. Simply stated, for recovery of section 57.105(7) attorney's fees, it is the moving party's burden to establish: (1) a contract providing for attorney's fees; (2) contractual privity between the plaintiff and defendant; and (3) a prevailing party. *See Ghent v. HSBC Mortg. Servs., Inc.*, 323 So. 3d 758, 759 (Fla. 4th DCA 2021); *Hopson v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan* Tr. 2005-2, 278 So. 3d 306, 308 (Fla. 2d DCA 2019); *Harris v. Bank of N.Y. Mellon*, 311 So. 3d 66, 69 (Fla. 2d DCA 2018); *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134, 1139 (Fla. 5th DCA 2017).

Here, neither the existence of a contract providing for attorney's fees nor Faramarz's status as the prevailing party are in dispute. Thus, Faramarz's entitlement to attorney's fees turns entirely on the existence of contractual privity.

*1. Contractual Privity*

"[P]roof of standing is not required to establish a contractual relationship between the parties." *Harris*, 311 So. 3d at 71. "Whether a lender can establish standing . . . is an entirely different question than whether the lender and borrower are parties to a mortgage contract containing a fee provision." *Id.* Indeed, "an involuntary dismissal based upon lack of standing . . . is fundamentally different than a dismissal

4

based upon a party affirmatively proving that the plaintiff is not a party to the contract." *Id.* at 72. "Where a motion for attorney's fees is based on a prevailing-party provision of a document, the fact that a contract never existed precludes an award of attorney's fees." *Venezia*, 279 So. 3d at 146–47 (quoting *David v. Richman*, 568 So. 2d 922, 924 (Fla. 1990)).

Turning to contractual privity as it relates to notes and mortgages, the law is clear that "assignment and transfer of both notes and mortgages" is permissible. *MTGLQ Invs., L.P. v. Merrill*, 312 So. 3d 986, 991 (Fla. 1st DCA 2021). However, a "mortgage *follows* assignment of the note." *Jelic v. BAC Home Loans Servicing, LP*, 178 So. 3d 523, 525 (Fla. 4th DCA 2015); *HSBC Bank USA, Nat'l Ass'n v. Buset*, 241 So. 3d 882, 891 (Fla. 3d DCA 2018); *US Bank, NA for Truman 2012 SC2 Title Tr. v. Glicken*, 228 So. 3d 1194, 1196 (Fla. 5th DCA 2017). Thus, under section 673.2011, Florida Statutes, "[i]f an instrument is payable to bearer, it may be negotiated by transfer of possession alone."

Following transfer of possession, the holder of the instrument or a "nonholder in possession of the instrument who has the rights of a holder" is entitled to enforce the instrument. *See* § 673.3011, Fla. Stat. This is because simple possession of the note may provide privity, even though there exists "no meeting of the minds." *Grosso v. HSBC Bank USA, N.A. as Tr. of ACE Sec. Corp.*, 275 So. 3d 642, 646 (Fla. 4th DCA 2019) (Conner, J., dissenting). Accordingly, regardless of any transfer of the note to a different person or entity, the borrower "remains obligated to the party entitled to enforce the note." *MTGLQ Invs., L.P.*, 312 So. 3d at 991.

In the instant case, Nationstar entered the original note—containing an endorsement in blank—into evidence at trial via a records custodian. By entering the blank endorsed note into evidence, Nationstar established that, at the time of trial, it was the holder of the instrument entitled to enforcement, and—as the instrument's holder—Nationstar was the party to whom Faramarz remained obligated. *See* § 673.3011, Fla. Stat; *MTGLQ Invs., L.P.*, 312 So. 3d at 991. Consequently, contractual privity existed between Nationstar and Faramarz.

### 2. Standing

"When a party . . . is substituted as a plaintiff in a foreclosure action, it must prove that the party who filed the action 'had standing when the initial complaint was filed, as well as its own standing when the final judgment was entered." *Wilmington Sav. Fund Soc'y, FSB v. Stevens*, 290 So. 3d 115, 118 (Fla. 4th DCA 2020) (quoting *Vieira v. PennyMac Corp.*, 241 So. 3d 193, 196 (Fla. 4th DCA 2018)); *Madl*, 244 So. 3d at 1138.

5

Reciprocal attorney's fees under section 57.105(7) are recoverable when the plaintiff "establishe[s] standing to enforce the note and mortgage *at the time of trial but not at the time suit was filed.*" *Page*, 308 So. 3d at 954–55 (emphasis added).

Although standing is different than contractual privity, *see Harris*, 311 So. 3d at 71, we note Nationstar successfully proved standing at the time of trial through the introduction of the blank endorsed note into evidence. *See Wilmington Sav. Fund Soc'y*, 290 So. 3d at 118 (stating that standing at the time of trial may be proven by introducing the original blank endorsed note into evidence); *Ghent*, 323 So. 3d at 759 n.2 (noting that U.S. Bank, as the subsequent plaintiff, proved it had standing by entering the blank endorsed note into evidence at trial); *Fed. Nat'l Mortg. Ass'n v. Rafaeli*, 225 So. 3d 264, 268 (Fla. 4th DCA 2017) ("After the note owner was substituted for the original servicer as the plaintiff in this action, the note owner had standing at trial when it introduced into evidence the original blank-endorsed note."). Such entry reinforced that the parties were not "strangers to the contract" and that contractual privity existed. *See Torres v. Bank of N.Y. as Tr. for Certificate Holders Cwabs, Inc.*, 46 Fla. L. Weekly D1988, 2021 WL 4073084, at *1 (Fla. 4th DCA Sept. 8, 2021).

### 3. *Hopson* and *DiGiovanni*

Despite the presence of the blank endorsed note, appellants maintain that *Hopson v. Deutsche Bank National Trust Co. as Trustee for New Century Home Equity Loan Trust 2005-2*, 278 So. 3d 306 (Fla. 2d DCA 2019), and *DiGiovanni v. Deutsche Bank National Trust Co.*, 310 So. 3d 1071 (Fla. 2d DCA 2020) control the instant case's outcome.

However, as Faramarz appropriately notes, *Hopson* and *DiGiovanni* are distinguishable in that they are both lost note cases. *See Hopson*, 278 So. 3d at 306; *DiGiovanni*, 310 So. 3d at 1072. Thus, there necessarily could not have been an original blank endorsed note in evidence establishing both contractual privity and standing at the time of trial.

Turning to appellants' contention that Faramarz's mere impugnment of the validity of the assignment or of contractual privity alone precludes (or estops) Faramarz from recovering attorney fees under section 57.105(7), in *Page*, the Florida Supreme Court considered (and rejected) a similar argument. As stated by the court:

> To the extent the Fourth District . . . judicially estopped Page on the ground that because she prevailed on her initial "lack of standing" position, she could not then "have it both ways"

6

by taking the supposedly inconsistent position of "rely[ing] on the contract to obtain attorney's fees," we conclude that the Fourth District applied the doctrine [of judicial estoppel] in error.

*Page*, 308 So. 3d at 960 (internal citation omitted). The court further stated it did "not view as irreconcilable the position on which Page prevailed—i.e., that the Bank failed to prove standing on the day suit was filed—and her subsequent position that she is eligible for fees under section 57.105(7)." *Id.* In doing so, it specifically noted "*[t]here was no adjudication that the note and mortgage never existed or that the Bank never acquired the right to enforce the note and mortgage.*" *Id.* (emphasis added).

Here, the record demonstrates the trial court's involuntary dismissal was based *solely* on Nationstar's failure to prove standing at the time the lawsuit was brought. There was "no adjudication that the note and mortgage never existed or that [Nationstar] never acquired the right to enforce the note and mortgage." *Id.* Nor could there have been, as Nationstar entered the blank endorsed note into evidence at trial. Accordingly, *Hopson* and *DiGiovanni* are inapplicable to the case at hand.

### B. Attorney Fee Multiplier

"We review an order applying a multiplier to an award of attorney's fees for an abuse of discretion." *Citizens Prop. Ins. Corp. v. Laguerre*, 259 So. 3d 169, 173 (Fla. 3d DCA 2018). "[T]he trial court's findings as to the multiplier must be supported by competent, substantial evidence." *Universal Prop. & Cas. Ins. Co. v. Deshpande*, 314 So. 3d 416, 420 (Fla. 3d DCA 2020). Moreover, "[a] trial court's interpretation of a contract is reviewed *de novo*." *Wright v. Guy Yudin & Foster, LLP*, 176 So. 3d 368, 371 (Fla. 4th DCA 2015).

Here, based on: (1) language from Faramarz's initial 2012 retainer fee agreement; (2) Faramarz's subsequent 2015 addendum (which further addressed the contingent nature of the fee agreement); and (3) testimony from both Faramarz and a defense witness, the record establishes that Faramarz and his attorney entered into a partial contingency-fee agreement.

Further, competent, substantial evidence supports the trial court's determination that a fee multiplier of 2.0 was appropriate for the partial contingency-fee agreement, based upon the factors outlined in *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). In

coming to its fee award determination, the trial court appropriately reduced Faramarz's fee multiplier award by $7,500—the amount Faramarz paid his attorney. *See Lane v. Head*, 566 So. 2d 508, 511 (Fla. 1990). Thus, the trial court did not abuse its discretion.

### C. Reduction of Faramarz's Attorneys' Hourly Rate

A trial court's calculation of reasonable attorney's fees is reviewed for an abuse of discretion. *Westaway v. Wells Fargo Bank, N.A. for Carrington Mortg. Loan Tr., Series 2007-RFC1, Asset-Backed Pass Through Certificates*, 230 So. 3d 505, 507 (Fla. 2d DCA 2017). "[A] court must look to the record to determine if 'there is competent substantial evidence which supports the trial court's order under the totality of the circumstances.'" *Id.* at 508 (quoting *Raza v. Deutsche Bank Nat'l Tr. Co.*, 100 So. 3d 121, 126 (Fla. 2d DCA 2012).

In short, the record demonstrates sufficient grounds for the reduction of Faramarz's attorneys' requested hourly rate(s). The trial court awarded more than Nationstar's expert opined was reasonable, but less than the rate requested by Faramarz's attorneys, striking a reasonable balance between the two. Unlike in appellants' cited case, this was not a situation in which the record was devoid of any evidence to support a conclusion that the hourly rate was reasonable. Moreover, the trial court's final judgment reflects that the court properly considered the applicable law.[1] Accordingly, the trial court did not abuse its discretion in reducing the hourly rate(s), and competent, substantial evidence supports the court's reduction.

**Conclusion**

Upon consideration of the Florida Supreme Court's recent opinion in *Page*, we affirm the final judgment as to Faramarz's entitlement to attorney's fees. With respect to appellant's fee multiplier issue and Faramarz's argument that the trial court improperly reduced its hourly amount, we also affirm.

*Affirmed.*

CONNER, C.J., and DAMOORGIAN, J., concur.

---

[1] To the extent Faramarz challenges the trial court's failure to state its reasoning behind the reduction in his counsel's hourly rate, we note the issue was not properly preserved. *See Welch v. Welch*, 22 So. 3d 153, 155–56 (Fla. 1st DCA 2009). Alternatively, such argument was waived.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*